UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAME SURPRIS,

                    Plaintiff,

          -against-

THE PEOPLE OF THE STATE OF NEW
YORK; NEW ROCHELLE POLICE
DEPARTMENT; KRISTIN LOUGHIN; NEW
ROCHELLE CITY COURT,

                    Defendants.

21-CV-7652 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff

must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to

request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees,

submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

          Plaintiff submitted an IFP application, but he has not fully completed it. Plaintiff states

that he is unemployed but does not answer the application's questions asking for his last date of

employment and his gross monthly wages at the time. Plaintiff further indicates that he has no

other sources of income, but he does not answer the application's question asking how he pays

his living expenses. Plaintiff also fails answer to the application's questions asking whether he:

(1) has any money in cash or in a checking or savings account; (2) has any assets, and if so, their

value; (3) has any expenses, debts, or other financial obligations, and, if so, their value; or

(4) financially supports anyone else and, if so, the amount of support provided.

          Because of Plaintiff's failure to fully answer the questions about his financial status, the

Court does not have sufficient information concerning Plaintiff's ability to pay the fees.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in

fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 21-CV-7652 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If the Court finds that Plaintiff possesses the funds to pay the fees, he may be required to do so.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 15, 2021
        New York, New York

                              /s/ Laura Taylor Swain
                                 LAURA TAYLOR SWAIN
                              Chief United States District Judge

2