UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KWAME SURPRIS,

                Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NEW YORK; NEW ROCHELLE POLICE DEPARTMENT; KRISTIN LOUGHIN; NEW ROCHELLE CITY COURT,

                Defendants.

21-CV-7652 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this action alleging that Defendants violated his rights. Plaintiff does not indicate the jurisdictional basis of his claims, but in response to the question on the complaint form asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "My right to a fair and just trial." (ECF 2, at 2.) Because Plaintiff alleges that his federal constitutional rights have been violated, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. Plaintiff sues "the People of the State of New York," the New Rochelle Police Department, the New Rochelle City Court, and individual defendant Kristin Loughin. He seeks $100,000 in damages.

By order dated September 27, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following allegations are taken from the complaint. On November 23, 2018, in New Rochelle, New York, Plaintiff was arrested for public lewdness after a complainant, Defendant

Loughin, accused him of exposing himself to her. Plaintiff went to trial on the charges and was found guilty of a misdemeanor. Plaintiff attempted to appeal his conviction, but his requests to appeal were "neglected" by his public defender. (*Id.* at 5.) Plaintiff made "numerous attempts" to contact his public defender but was "unable to verify if an appeal was ever submitted." (*Id.*)

Plaintiff alleges that the court ordered him to take a mouth swab for DNA, and that evidence submitted during the trial, including video footage from the complainant, demonstrated that he did not commit the acts he was accused of committing. He also alleges that there were prosecution witnesses "who never came to court" to testify in support of the charges. He "felt the court was being biased towards the facts of the case." (*Id.*)

Plaintiff alleges that, as a result of his arrest, he suffered wrist and ankle injuries, emotional suffering and depression, and defamation of character.

## DISCUSSION

A. **Eleventh Amendment immunity**

The Court must dismiss Plaintiff's claims against the "People of the State of New York" and the New Rochelle City Court under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

3

The Court construes Plaintiff's Section 1983 claims against the "People of the State of New York" as claims against the State of New York, which are therefore barred by the Eleventh Amendment. The New Rochelle City Court, as a part of the New York State Unified Court System, is an arm of the State of New York, and therefore also has Eleventh Amendment immunity from suit. *See Gollomp*, 568 F.3d at 368 ("[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity."); *Deraffele v. City of New Rochelle*, No. 15-CV-0282, 2016 WL 1274590, at *14 (S.D.N.Y. Mar. 30, 2016) (New Rochelle City Court is part of the New York State Unified Court System (citing N.Y. Const. art. VI, § 1(a)). The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York and the New Rochelle City Court under the doctrine of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.     New Rochelle Police Department**

Plaintiff's claims against the New Rochelle Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against City of New Rochelle, the Court construes the complaint as asserting claims against the City of New Rochelle. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some

4

wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff's allegations do not suggest that the City of New Rochelle has a municipal policy, custom, or practice that has caused a violation of his rights. The Court therefore dismisses Plaintiff's claims against the City of New Rochelle for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Claims against Kristin Loughin**

The Court must also dismiss Plaintiff's Section 1983 claim against Kristin Loughin. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendant Kristin Loughin is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. *See, e.g.*, *Moreno v. Town of Greenburgh*, No. 13-CV-7101, 2014 WL 3887210, at *3 (S.D.N.Y. June 9, 2014) (no action where private defendant provides "false and misleading" information to prosecutors "even if the information provided is deliberately false"); *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 429 (S.D.N.Y. 2013) ("[E]ven assuming that [defendant] had deliberately provided false information to police, such provision alone is no sufficient" to make him a state actor). The Court therefore dismisses Plaintiff's Section 1983 claims against Loughin for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Favorable termination requirement**

Plaintiff is not entitled to sue for damages in connection with his criminal conviction. The Supreme Court of the United States has held that:

> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

Success in this Section 1983 action – in which Plaintiff alleges that he did not commit the acts for which he was convicted – would necessarily demonstrate the invalidity of Plaintiff's

6

conviction. As there is no indication that Plaintiff's conviction has been reversed or called into question in any way by a court authorized to do so, Plaintiff's claim is barred under *Heck*, and is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**F.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 as barred under the Eleventh Amendment and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 12, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge